UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

**STEPHANIE WISE,**

    Plaintiff,

vs.

**CONN APPLIANCES, INC. d/b/a CONN'S,**

    Defendant.

**Civil Action No.:_____**

**DEMAND FOR JURY TRIAL**

# COMPLAINT
## I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Stephanie Wise, an individual consumer, against Defendant, Conn's Appliances, Inc. d/b/a Conn's, for violations of the Telephone Consumer Protection Act, 47 *et seq*.

## II. JURISDICTION

2. Jurisdiction of this court arises under 47 U.S.C. 227 and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

## III. PARTIES

3. Plaintiff, Stephanie Wise, is a natural person with a permanent residence in Jefferson County, Tennessee 37725.

4. Upon information and belief, the Defendant, Conn's Appliances, Inc. d/b/a Conn's is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located in Beaumont, Texas. The principal purpose of Defendant is the collection of debts in

1

this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA.

## IV. *FACTUAL ALLEGATIONS*

8. Within one year prior to the filing of this action, Defendant contacted Plaintiff to collect money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction and/or "consumer debt."

9. Within one year prior to the filing of this action, Defendant regularly and repeatedly called Plaintiff at Plaintiff's cellular telephone number 865-441-6856. Defendant calls Plaintiff from telephone numbers (865) 280-3160 and (615) 610-5577.

10. Within one year prior to the filing of this action, Defendant caused Plaintiff's telephone to ring repeatedly and continuously to annoy Plaintiff.

11. Within one year prior to the filing of this action, Defendant communicated with Plaintiff with such frequency as to be unreasonable under the circumstances and to constitute harassment.

12. On or around July 14, 2016, Plaintiff told one of Defendant's representatives to stop calling. Despite Plaintiffs request Defendant placed an upwards of 46 calls to Plaintiff thereafter.

12. The natural and probable consequences of Defendant's conduct was to harass, oppress or abuse Plaintiff in connection with the collection of the alleged debt.

13. At all times relevant to this action, while conducting business in California, Defendant has been subject to, and required to abide by, the laws of the

2

United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

14. At all times relevant to this action, Defendant owned, operated and or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

15. Within four years prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone number multiple times using an artificial prerecorded voice or using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

16. Defendant never received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

17. Even assuming arguendo that Defendant did have consent to call Plaintiff on Plaintiff's cellular telephone using an ATDS, that consent was subsequently revoked by Plaintiff on July 14, 2016. Notwithstanding, Defendant proceed to call Plaintiff on her cellular telephone no less than fifty (50) times thereafter.

18. At no time have Plaintiff and Defendant had an "established business relationship" as defined by 47 U.S.C. § 227(a)(2).

19. Defendant is not a tax exempt nonprofit organization

20. Defendant's violation of the TCPA was willful. Defendant's violation of the TCPA was willful because Plaintiff requested that Defendant cease calling Plaintiff.

3

21. As a result of Defendant's alleged violations of law by placing these automated calls to Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

    a. Invading Plaintiff's privacy;

    b. Electronically intruding upon Plaintiff's seclusion;

    c. Intrusion into Plaintiff's use and enjoyment of their cellular telephones;

    d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff has as to complete ownership and use of her cellular telephone;

    e. Causing Plaintiff and the putative class to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls.

## FIRST CAUSE OF ACTION
### (Violations of the TCPA, 47 U.S.C. § 227)

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

(a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to

a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

24. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

25. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Conn's Appliances, Inc. d/b/a Conn's, for the following:

- A. Actual damages.
- B. Statutory damages;
- C. Costs and reasonable attorney fees;
- D. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;
- E. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Stephanie Wise, demands trial by jury in this action.

Respectfully Submitted this the 23rd day of June 2017.

Filed By: s/ *Michael C. Inman*
Counsel for Plaintiff
BOPR No. 022858
9111 Cross Park Drive, Ste. E290
Knoxville, TN 37923
Phone: (865) 470-4770
Fax: (865) 470-4870
Email: michael@inmanandstadler.com

Of Counsel to:
Alex Simanovsky & Associates, LLC
2300 Henderson Mill Road, #300
Atlanta, GA 30345
678-781-1012/ alex@a-s-law.com